**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Curtis Green,<br><br>Plaintiff,<br><br>vs.<br><br>Brian Sterling,[1]<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 5:25-cv-12677-TMC<br><br>**ORDER** |

Plaintiff Curtis Green, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On October 2, 2025, the magistrate judge issued an order addressing several deficiencies in Plaintiff's Complaint and giving Plaintiff fourteen days to cure the deficiencies with an amended complaint. (ECF No. 10). Most notably, this order notified Plaintiff that his Complaint did not "contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to the Defendant" and, therefore, the magistrate judge warned that Plaintiff's claims were subject to summary dismissal. The order warned Plaintiff that failure to bring the case into proper form as described in the order would result in the magistrate judge recommending that the claims be dismissed without leave for further amendment. *Id.* at 2.

Instead of filing an amended complaint as instructed, Plaintiff filed a notice of appeal of the proper form order, (ECF No. 14), which was transmitted to the Fourth Circuit Court of Appeals,

[1] The correct spelling of this Defendant's name is "Bryan Stirling." However, the court will use the spelling provided by the Plaintiff in this order.

(ECF No. 15). Plaintiff then filed "objections" to the October 2, 2025, order, indicating that he objected to being told to complete an amended complaint and arguing that his case was in proper form pursuant to S.C. Code § 24-1-220. (ECF No. 20). The court overruled these objections on December 9, 2025. (ECF No. 22). On June 30, 2026, the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. (ECF No. 25); *Green v. Anderson*,[2] No. 25-6912, dkt. entry 11 (4th Cir. June 30, 2026). The mandate was issued on July 22, 2026. (ECF No. 27); *Green v. Anderson*, No. 25-6912, dkt. entry 13 (4th Cir. July 22, 2026).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's Complaint, again noting the uncured deficiencies identified in the October 2, 2025, order at docket entry 10. (ECF No. 30). The Report also recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order because Plaintiff refused to cure the deficiencies despite being ordered to do so. *Id.* at 5. The Report notified Plaintiff of his right to file specific objections to the Report, *id.* at 6, and Plaintiff filed timely objections to the Report, (ECF No. 32). Accordingly, this matter is now ripe for review.

## BACKGROUND

According to the Complaint, while Plaintiff was housed at Lee County Correctional Institution ("Lee") within the South Carolina Department of Corrections, ("SCDC"), various staff members assaulted him and caused him injuries.[3] (ECF No. 1 at 4–5). He indicates that one day the "captain . . . sprayed [him] and repeatedly slammed [his] arm in the flap" and that then the

[2] At the time of the appeal, Joel Anderson had replaced Bryan Stirling and was the South Carolina Department of Corrections Interim Director.

[3] According to the address provided by Plaintiff on his filings, Plaintiff is now housed at Lieber Correctional Institution in Ridgeway, South Carolina. *See* (ECF No. 1-1).

"sergant [sic] drug [him] backwards and rammed his shoulder against every door frame while moving him to another cell. *Id.* at 4. Then, he alleges, the "captain took all of [his] belongings" and did not give them back for 72 hours. *Id.* Three weeks later, he avers that the "sergant [sic] that worked in RHU" asked him to move his arm from the flap of his cell, which he refused to do, and then she "hit [him] with an iron hammer . . . repeatedly" then "grabbed the blanket and pulled [his] arm out" while an officer "reached in the flap and sprayed [him] for a couple of seconds." *Id.* He indicates that he told medical staff about these alleged assaults. *Id.*

Thereafter, he states that the captain told staff not to feed him, and he missed several meals or had meals delayed. *Id.* He alleges that when he was fed, the food had mold or slime on it, so he dumped some of it in the toilet in his cell. *Id.* He further indicates that some of the food he received was too hot and burned him, and he was refused medical care. *Id.*

Following these incidents, Plaintiff contends that another inmate began throwing "feces, pee, and food in [his] room" and "flood [his] cell[,]" which resulted in the officers turning Plaintiff's water off in his cell. *Id*. Plaintiff was transferred but he alleges that the same thing happened in his new cell. *Id.* Finally, Plaintiff indicates he was eventually placed on suicide watch and during his time there, the captain came in, moved his blanket, and sprayed him with mace before moving him to the regular housing unit. *Id.* at 5.

Plaintiff states that all of these actions occurred between September 9, 2022, and August 2, 2023. *Id.* at 8. He contends that he needed stitches for his back behind his left shoulder and on his right forearm, though it is unclear from the Complaint whether he received these stitches or just received a bandage. *Id.* at 9. He also indicates that he was given ice and pain medication. *Id.* For his relief, he requests $250,000 for "physical distress, negligent conduct, and intentional infliction of emotional distress." *Id.*

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**DISCUSSION**

The magistrate judge recommends dismissal of the case because Plaintiff has not shown "any factual allegations of constitutional wrongdoing or discriminatory actions attributable to the Defendant." (ECF No. 30 at 4). The magistrate judge noted:

> Although Plaintiff cites S.C. Code § 24-1-220 to support his naming Director Brian Sterling as a defendant liable for the events and/or damages in his Complaint, Section 24-1-220 is a state statute and is not applicable in this action in federal court. Further, Plaintiff's Complaint purports to being a lawsuit pursuant to 42 U.S.C. § 1983. However, Section 1983 requires that a defendant named in a lawsuit and accused of causing injury to the plaintiff be personally involved in the events alleged in the lawsuit.

*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). However, the Complaint only mentions Defendant Sterling in the section naming the defendants to the action and does not allege any specific act committed by this person, nor does the Complaint indicate that this person even had personal knowledge of the alleged acts. As such, the magistrate judge recommends the Complaint be summarily dismissed. *Id.* at 5.

Plaintiff filed objections to the Report. (ECF No. 32). However, these objections simply state a general disagreement with the Report's determination that his case is subject to dismissal. Plaintiff argues that his case is "not meritless nor w/o legal theory." *Id.* at 2. He once again attempts to rely on S.C. Code § 24-1-220[4] as the basis for his Complaint. *Id.* Beyond re-alleging this code as the basis for suing the Defendant, Plaintiff's objections focus primarily on arguing that he has not failed to comply with a court order. He argues that by challenging the court order with his objections to the proper form order, he did not "disobey a court order but instead brought understanding to what was mistakenly frammed [sic] to be wrong." *Id.* at 4.

However, despite Plaintiff's contention that he has not disobeyed a court order, he still has not complied with the proper form order by amending his Complaint to cure the noted deficiencies. The court addressed Plaintiff's objections to the proper form order back in December 2025, further warning Plaintiff that his Complaint was not legally sufficient in that it did not "make any specific allegation against the defendant in the complaint." (ECF No. 22). Still, even after that time, Plaintiff did not comply with the order to amend his Complaint. Accordingly, to the extent Plaintiff objects to the finding that he has not complied with court orders, such objection is overruled.

As for Plaintiff's continued assertion that his Complaint is sufficient pursuant to S.C. Code § 24-1-220, the purpose of this state statute is "to designate a representative to represent SCDC in litigation in which SCDC is a plaintiff or defendant [and] . . . does not reflect a waiver of sovereign immunity such that the State of South Carolina, through SCDC, could be held liable for a violation of 42 U.S.C. § 1983." *Addison v. South Carolina Dep't of Corr.*, No. 8:11-cv-2705-CMC, 2011

[4] "All actions or suits at law accruing to the department shall be brought in the name of the director, who shall also appear for and defend actions or suits at law in which it is to the interest of the department to appear as a party defendant. No suit or action at law shall be brought for or defended on behalf of the department except by authority of the director." S.C. Code § 24–1–220.

WL 5876915, at *2 n.2 (D.S.C. Nov. 22, 2011). *See also Pierre v. Ozmint*, No. 3:09-226-CMC, 2010 WL 679946, at *2 (D.S.C. Feb. 24, 2010) (stating the purpose of the statute); *Knotts v. South Carolina Dep't of Corr*., No. 6:08-814-MBS, 2009 WL 281136, at *1 (D.S.C. Feb. 2, 2009) (stating same). To the extent Plaintiff's Complaint could be liberally construed as having named the Defendant *in place of* SCDC pursuant to the statute he cites, the court notes that SCDC is not a "person" amenable to suit under § 1983. *See, e.g.*, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Virginia Off. for Protection and Advocacy v. Reinhard*, 405 F.3d 185, 188 (4th Cir. 2005) (stating that a state agency is not amenable to suit pursuant to § 1983); *Norris v. South Carolina Dep't of Corr.*, No. 8:25-11911-MGL, 2026 WL 2475031 at *2 (D.S.C. Aug. 24, 2026) ("The State – and its subdivisions, such as SCDC – are not persons under § 1983."); *Licon v. South Carolina Dep't of Corr*., No. 1:21-4019-JD-SVH, 2022 WL 17418053, at *3 (D.S.C. July 20, 2022) (clarifying that SCDC is a state agency and not a local or municipal entity, and as such, it is "not a 'person' subject to liability under § 1983"), *adopted as modified* by 2022 WL 17261396 (D.S.C. Nov. 28, 2022).

To the extent Plaintiff's Complaint is against Defendant directly and not as a stand-in for SCDC, Plaintiff makes no allegations in the Complaint that Defendant was directly involved in any of the alleged unconstitutional misconduct. As such, there are insufficient allegations to state a cognizable § 1983 claim against Defendant. *See McKinney v. South Carolina Dep't of Corr., et al*., No. 8:21-cv-3683-CMC-JDA, 2022 WL 660454, at *5, *adopted in pertinent part* by *McKinney v. South Carolina Dep't of Corr.* et al., 2022 WL 557468 (D.S.C. Feb. 24, 2022).

Finally, to the extent Plaintiff's Complaint could be liberally construed to assert some sort of supervisory liability claim against Defendant, the facts alleged are legally insufficient to state a

claim upon which relief may be granted. The doctrine of respondeat superior is generally not applicable in § 1983 actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, a "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Id.* In order for a supervisory official to be held liable for constitutional injuries inflicted by his subordinates, a plaintiff must establish that the official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that there was an affirmative causal link between that supervising official's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999), *abrogated on other grounds* by *Wilkins v. Gaddy*, 559 U.S. 34 (2010). Here, the Complaint contains no plausible allegations against Defendant Sterling indicating he was aware of, or deliberately indifferent to, any risk of constitutional injury to Plaintiff. In fact, as noted previously, Defendant Sterling is *only* mentioned one time in the entire Complaint – when designating him as a defendant to the case. Accordingly, the Complaint fails to state a claim upon which relief may be granted against Defendant Sterling in any capacity, and, as such, it is subject to summary dismissal. Plaintiff's objections are overruled.

## CONCLUSION[5]

[5] In the alternative, the court also finds that this case is subject to dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders. It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the [plaintiff's history of] proceeding in a dilatory fashion; and, (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). To date, almost a year

Based on the foregoing, the court **ADOPTS** the Report (ECF No. 30) and incorporates it herein by reference. This action is **DISMISSED** without prejudice and without leave to amend. The Clerk shall mail a copy of this Order to Plaintiff at his last known address provided to the court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Greenville, South Carolina
September 28, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

after Plaintiff was warned that his case would be subject to dismissal if he failed to comply, Plaintiff still has not provided the court with an amended complaint addressing the deficiencies as instructed. Plaintiff has now had ample opportunity to cure these deficiencies, using the detailed instructions provided by the court and he has failed to do so. Instead, even in his recent objections, Plaintiff takes the position he need not provide such amendment, indicating a continued refusal to comply. *See* (ECF No. 32). As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the proper form orders. Therefore, the court finds dismissal is also appropriate pursuant to Fed. R. Civ. P. 41(b).